# UNITED STATES DISTRICT COURT

### for the

_____ District of **MA** _____

_____ Division

|  |  |
|---|---|
| Michelle J. Smith <br><br> _Plaintiff(s)_ <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br><br> –v– <br><br><br> Judge Peter Krupp; personally et al <br><br> _Defendant(s)_ <br> *(Write the full name of each defendant who is being sued. If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names.* **See attached** *** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br><br> *(to be filled in by the Clerk's Office)* |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Michelle J. Smith |
| Street Address | 11872 Arbor Trace Dr. |
| City and County | Fort Myers, FL |
| State and Zip Code | FL 33913 |
| Telephone Number | 781-422-1045 |
| E-mail Address | mjsmith0304@hotmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

1

A

① Plaintiff michelle J. Smith

MA Mailing Address: P.O. Box 42
Kingston, MA 02364

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

**Defendant No. 1**

Name
Peter Krupp

Job or Title *(if known)*
Judge - Norfolk Superior Court

Street Address
650 High St.

City and County
Dedham, Norfolk

State and Zip Code
MA 02026

Telephone Number
781-326-1600

E-mail Address *(if known)*

**Defendant No. 2**

Name
Thomas Connors

Job or Title *(if known)*
Judge - Norfolk Superior Court

Street Address
650 High St.

City and County
Dedham, Norfolk

State and Zip Code
MA 02026

Telephone Number
781-326-1600

E-mail Address *(if known)*

**Defendant No. 3**

Name
Peter Rubin

Job or Title *(if known)*
Justice - MA Appeals Court

Street Address
1 Pemberton Square - Unit 1200

City and County
Boston, Suffolk

State and Zip Code
MA 02108

Telephone Number
617-725-8106

E-mail Address *(if known)*

**Defendant No. 4**

Name
Joseph Ditkoff

Job or Title *(if known)*
Justice - MA Appeals Court

Street Address
1 Pemberton Square - Unit 1200

City and County
Boston, Suffolk

State and Zip Code
MA 02108

Telephone Number
617-725-8106

E-mail Address *(if known)*

3

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 5

Name — Eric Neyman

Job or Title *(if known)* — Justice - MA Appeals Court

Street Address — 1 Pemberton Square - Unit 1200

City and County — Boston, Suffolk

State and Zip Code — MA 02108

Telephone Number — 617-725-8106

E-mail Address *(if known)* —

Defendant No. 6

Name — The MA Supreme Judicial Court - Kimberly Budd

Job or Title *(if known)* — Chief Justice

Street Address — 1 Pemberton Square - Unit 2500

City and County — Boston, Suffolk

State and Zip Code — MA 02108

Telephone Number — 617-557-1020

E-mail Address *(if known)* —

Defendant No. 7

Name — Ann Pinheiro

Job or Title *(if known)* — Esquire / Counsel for Martin + Nicholas French

Street Address — One State St. - Suite 1050

City and County — Boston, Suffolk

State and Zip Code — MA 02109

Telephone Number — 781-888-0307

E-mail Address *(if known)* — ann@pinheirolawoffice.com

Defendant No. 8

Name — Nicholas French

Job or Title *(if known)* — Personal Representative of the Estate of Martin French

Street Address — One State St. - Suite 1050

City and County — Boston, Suffolk

State and Zip Code — MA 02109

Telephone Number — 781-888-0307

E-mail Address *(if known)* — ann@pinheirolawoffice.com

Defendant No. 9
Name: Massasoit Community College
Address: Brockton Campus
1 Massasoit Blvd.
Brockton, MA 02302

Defendant No. 10
Karen M. Bigley
38 Comfort St
Bridgewater, MA 02324

Page 4

# B  Defendants

① Judge Peter Krupp; personally and in his official capacity.

② Judge Thomas; personally and in his official capacity.

③ Justice Peter Rubin; personally and in his official capacity.

④ Justice Joseph Ditkoff; personally and in his official capacity.

⑤ Justice Eric Neyman; personally and in his official capacity.

⑥ The MA Supreme Judicial Court: Chief Justice Kimberly S. Budd; personally and in her official capacity.

⑦ Ann Pinheiro, Esquire; personally and in her official capacity as counsel for Martin French and Nicholas French.

⑧ Nicholas French; personally and in his official capacity as Personal Representative of the Estate of Martin French.

⑨ Massasoit Community College; as former employer of Martin French, and in official capacity as a MA State College.

⑩ Karen M. Bigley; personally and in her Capacity as a MA attorney BBO# 659310

5

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

*Title IX*
*FRCP Title # rule 5.1*
*FRCP 60B*

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 42 U.S.C. sec. 1983, The SafeSport Authorization Act 36 U.S.C. sec. 220541(d)(1)(2)(3)(F)(G) 220542, 220543, 22054(a)(3)(4)
Supremacy Clause-U.S. Const, art. VI, sec. 2, The Empowering Olympic + Amateur Athletes Act 36 U.S.C. sec. 220542(3)(A), 1st + 14th

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

Amendments (Due Process and Equal Protection Under the law Clauses)

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)* Michelle J. Smith , is a citizen of the State of *(name)* Florida .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)* Peter Krupp , is a citizen of the State of *(name)* Massachusetts . Or is a citizen of

   *(foreign nation)* _____

6

## 2a. Individual Defendants:    Citizen of:

① Peter Krupp –                Massachusetts

② Thomas Connors –            Massachusetts

③ Peter Rubin –               Massachusetts

④ Joseph Ditkoff –            Massachusetts

⑤ Eric Neyman –               Massachusetts

⑥ Kimberly S. Budd –          Massachusetts

⑦ Ann Pinheiro –              Massachusetts

⑧ Nicholas French –           Massachusetts

⑨ Massasoit Community College    Massachusetts
(Brockton Campus)

⑩ Karen M. Bigley              Massachusetts

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount at stake is the State Court judgment amounting to $155,165.34. Additionally, Plaintiff has suffered extreme physical stress, anxiety and mental and emotional distress.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. *Attached

A.    Where did the events giving rise to your claim(s) occur?

Suffolk County    Boston, MA
Norfolk Superior Court    Dedham, MA
MA Appeals Court    Boston, MA
MA Supreme Judicial Court    Boston, MA
Commonwealth of MA    Boston, MA

B.    What date and approximate time did the events giving rise to your claim(s) occur?

June 2018 - Norfolk County Superior Court Trial / October 2019- 60B motion/Appeal of 60B motion
February 2021 - MA Appeals Court Panel's decision
May 2021 - MA SJC administrative denial of FAR Petition (no opinion or order issued)
Nov. 2021 - Defendants Ann Pinheiro & Nicholas French application for execution of judgment
Dec. 17 2021 - Defendants Ann Pinheiro & Nicholas French demand for payment of judgement
Dec. 20, 2021 - Norfolk County Superior Court granting execution of judgment.
Jan 2, 11, 25, 26, 28, 2022 - Defendants Ann Pinheiro & Nicholas French taking actions to execute the judgment

# COMPLAINT

## Jury Demand

### III. Statement of Claims:

This complaint is brought as an independent action under Federal Rule of Civil Procedure 60b(2)(3)(4)and(6),and enjoining the underlying State Court Proceedings. The last order entered on May 13, 2021(Exhibit 1A).

Additionally, this complaint is brought due to violations under 42 U.S.C. sec. 1983. This action seeks injunctive relief against Defendants 1-6(The State Court Judges) because of The State Court Proceedings at issue in this case violating The United States Constitution and Federal Laws.

This action seeks monetary damages against Defendants 7-10 because of Defendants' participation in the wrongful deprivation of Plaintiff's liberties and property. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States and Federal Laws. Plaintiff also brings a state law claim pursuant to this Court's supplemental jurisdiction.

**MA State Court Proceedings:**

Norfolk Superior Court Case#: 1482CV00639,

MA Appeals Court case #(s): 2019 P 133, and 2019 P 1572,

MA Supreme Judicial Court #(s): DAR 27185, FAR 28148.

**Facts:**

A. In 2010 Plaintiff Michelle J. Smith and 9 other parents
   sent a letter of complaint (Exhibit 1), for redress to
   authorities tasked to provide protection and relief. The
   complaint was sent to Massasoit Community College and USA
   Softball, regarding the sexual, emotional and general
   misconduct of Martin French; Massasoit's Employee, and the
   coach and founder of the parents' daughters AAU softball
   organization that was a registered member of USA Softball.

B. The girls subjected to his misbehavior were ages 8-17.

C. Martin French was an employee of Massasoit Community
   College and held various activities for the minor athletes
   of his AAU organization, at Massasoit Facilities.

D. Massasoit Community College ignored the parents regarding
   the complaint and failed to follow procedures of Title IX.

E. ASA/ USA Softball; as the National Governing Body (NGB) of
   Softball under the jurisdiction of The U.S. Olympic
   Committee and by the authority of The Ted Stevens Act and
   The Safe Sport Act, had a hearing where the coach was
   represented by a lawyer and the parents testified. USA

Softball suspended the coach for 5 years and the National
Chapter upheld his suspension.

F. The parents hoped the coach would get help for his illicit
behavior but instead 3 years later the coach sued all of
the parents for defamation.

G. The safety and protection of minor children was the main
issue for the parents' complaint to bodies of authority.

H. The safety and protection of minor children is an issue of
public concern; therefore, the standard of proof required
under the Constitutions and Laws of Massachusetts and
Federally is "actual malice".

I. The Safe Sport Authorization Act became Federal Law on
February 14, 2018.

J. The Safe Sport Authorization Act requires that the standard
of proof; in a claim for defamation arising from a
complaint to a National Governing Body of Sport(NGB)such as
USA Softball, is "actual malice".

K. The standard of proof used by the State of MA in the
Defamation case was negligence instead of actual malice.

L. The State Court failed to recognize the defamation case as
one that concerned an issue of public concern.

M. The MA State Court judges all violated Massachusetts and
Federal constitutions and laws.

N. The State Court System's violation of constitutions and laws eliminated their subject matter jurisdiction making all orders of the MA State Courts in this case to be null and void.

O. The case languished in the court system for 5 years, coming to trial in June 2018. Attorney Bigley testified; allegedly falsely, about a material issue of fact in the case. The jury came back with an inconsistent verdict. Attorneys Pinheiro and Bigley failed to disclose that they were both attorneys of record at the law office of Albert Grady, Brockton, MA (Exhibit 3).

P. The parents obtained appeal consultants who advised that it was not a frivolous appeal. Unfortunately, the appeal consultants were extremely high-priced Boston lawyers who the parents could not afford to represent them.

Q. As a result, Plaintiff Michelle J. Smith pursued the appeal pro se.

R. Plaintiff Michelle J. Smith filed a MA 60b motion in June of 2019, questioning the subject matter jurisdiction of the State Courts. The State Courts ignored the questioning of their Subject Matter Jurisdiction.

S. The 60b motion also questioned Attorney Karen Bigley's testimony as improper and untrue.

**T.** The 60b motion was denied and Plaintiff Smith appealed the denial of her 60b motion. Both appeals #s 2019-P-133, and 2019-P-1573 were enjoined.

**U.** Martin French passed away in November of 2019.

**V.** Martin French passed away intestate, his son; in conjunction with efforts of Attorneys Pinheiro and Bigley, became Personal Representative of the Estate of Martin French in May of 2020.

**W.** The Empowering Olympics Athletes Act was passed into Federal Law on October 30, 2020, The Empowering Olympic Athletes Act prohibits retaliation on a complaint sent to a National Governing Body of Sport (NGB) such as USA Softball.

**X.** The Appeals court upheld the judgment in February of 2021; ignoring the issue of lack of subject matter jurisdiction.

**Y.** Michelle J. Smith filed a petition for Further Appellate Review into The MA Supreme Judicial Court, the review was denied administratively without an opinion in May 2021(Exhibit 1A).

**Z.** New Evidence has emerged pertaining to the defamation case(Exhibit 2).

**Claims:**

**First Claim –** Independent Action pursuant to FRCP 60b(2)(3)(4)(6), and enjoinment of State Court Proceedings.

**1.** FRCP 60b (2)- Plaintiff Michelle J. Smith's petition for further appellate review to the MA Supreme Judicial Court was denied administratively less than a year ago on May 13, 2021. New evidence has emerged that impugns the integrity and actions of Attorneys Pinheiro and Bigley in the underlying case for defamation (Exhibits 2 and 3).

**2.** FRCP 60b (3)- Attorneys Pinheiro and Bigley's failure to disclose to the court; the fact that they are both attorneys at the same law firm of Albert Grady in Brockton MA, constitutes Fraud on the Court (Exhibit 3). Additionally, Attorney Bigley is an admitted liar to the tribunal (Exhibit 2), which serves to impugn her testimony in the underlying case as Plaintiff Michelle J. Smith has contended throughout appeal that Defendant Bigley's testimony was false and improper.

**3.** FRCP 60b (4)- The MA State Court judges violated the law by applying the standard of proof in the underlying case to be negligence when the standard of proof; required by law in a case where the issue is one of public concern (the safety and protection of children), is actual malice. Additionally, The Safe Sport Authorization Act which was passed on February 14, 2018, requires that if a complaint for defamation arises from a complaint to a National Governing Body of Sport such as USA

Softball (Exhibit 1), the standard of proof required is actual malice.

The trial judge and the appellate panel judges broke the law by ascribing the wrong standard of proof of negligence to this case instead of the required actual malice standard. The judges' violation of the law renders their subject matter jurisdiction to be void which in turn renders any proceeding, order or judgment in the underlying case to be void.

**4.** FRCP 60b (6)- The injustice of the underlying case of defamation is extraordinary. The Public's view of the integrity of the judicial system is gleaned from their perception that the judges given the authority to make decisions, would know and enforce the law. In the underlying case the judges' were not only ignorant of the law but they broke the law. The public's trust in the judicial system has been shaken but can be rectified with the vacation of the ill-gotten state court judgment, and the restoration of Plaintiff Michelle Smith's Constitutional Rights. More importantly the victims in all of this, the minor children will receive justice for the abuse that they endured.

**Second Claim -** 42 U.S.C. sec. 1983 — Against Defendants 1-6 (State Court Judges); for injunctive relief

1. State action occurred in Norfolk Superior Court Case No. 1482CV00639, Appeals Court Case No(s). 2019 P 133 and 2019 P 1572, MA Supreme Judicial Court DAR# 27185 and FAR# 28148.

2. Defendants at all times relevant to this action were acting under color of state law.

3. **Defendant 1, Trial Judge Peter Krupp**, broke the law by applying the incorrect standard of proof of negligence to the underlying case for defamation; causing Plaintiff, Michelle J. Smith, to be injured by the MA State Court proceedings that unlawfully deprived her; as a natural citizen of the United States, of her rights under Federal Laws, the First Amendment, and substantive and procedural due process and equal protection under the law rights as granted by the Fourteenth Amendment to the Constitution of the United States.

4. Judge Krupp's failure in applying the incorrect standard of proof in the underlying case is in violation of Common Case Law; (procedural due process), Federal Laws; The Safe Sport Authorization Act, The Empowering Olympic Athletes Act, The Amateur Sports Act of 1978(the Ted Stevens Act), and the First and Fourteenth Amendments to the United States Constitution.

5. Judge Krupp failed to recognize that the case for defamation concerned speech on a matter of public concern;(the safety and protection of our nation's children), in violation of Plaintiff's fundamental liberties of free speech, and freedom

for parents to raise their children as they see fit(advocating for their safety, privacy), as granted by the First Amendment to the Constitution of The United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

6. Judge Krupp's unlawful actions caused an unconstitutional and unjust judgment to issue that unfairly deprives Plaintiff Michelle J. Smith of her fundamental liberties and property as a United States Citizen.

7. **Defendant 2, Judge Thomas Connors,** failed to recognize; in his order denying an Anti Slapp Motion in the underlying case for Defamation, USA Softball as the agency designated by Congress to provide protection and redress of issues for child athletes, and that the central issue in the case (the safety and protection of our nation's children) is a matter of public concern. Judge Connors actions are in violation of: Common Case Law (procedural due process) as prescribed by the 14th Amendment, the 1st Amendment, and Federal Laws created by The Amateur Sports Act of 1978(The Ted Stevens Act), The Safe Sport Authorization Act and The Empowering Olympic Athletes Act. His violations caused Plaintiff Michelle J. Smith to be retaliated against for her exercise of her fundamental rights of free speech and her parental rights to protect her children.

8. **Defendants 3-5, Justice Peter Rubin, Justice Joseph Ditkoff, and Justice Eric Neyman (MA Appeals Court Panel),** failed to recognize; the incorrect standard of proof used, the issue that the subject matter jurisdiction of this case was questioned, and that the case for defamation was a grave matter of public concern, in violation of Common Case Law(substantiative and procedural due process and equal protection under the law clauses of the 14th Amendment), Federal Laws created by The Safe Sport Act and The Empowering Olympic Athletes Act and The Supremacy Clause of The United States Constitution.

9. **Defendant 6, Chief Justice Kimberly Budd (MA Supreme Judicial Court),** The MA Supreme Judicial Court administratively denied Plaintiff Michelle J. Smith's Petition for Further Appellate Review (FAR#28148) on May 12, 2021, which violated Plaintiff's Due Process Rights for declaratory judgment from the highest state court as given by the 14th Amendment to The United States Constitution. The FAR Petition was a plea for relief based on the Unconstitutional and Federal Law violations in the State Court proceedings pursuant to Equal Protection Under the Law and The Supremacy Clauses of The United States Constitution.

**Third Claim -** 42 U.S.C. sec. 1983 — Against Defendants 7-10; for injunctive and monetary damages because of Defendant 7-10's

18

participation as and with "state actors" wrongful deprivation of Plaintiff's liberties and property.

10.  Plaintiff alleges that Defendants 7-10 acted under color of state law and violated Plaintiff's rights under the 1st and 14th Amendments, and Federal Laws.

11.  **Defendants 7-8, Ann Pinheiro (counsel for Martin and Nicholas French), and Nicholas French (personal representative for the Estate of Martin French),** the actions of Defendants 7 and 8 in bringing the suit for defamation after a "quasi-judicial" hearing took place, their pursuance and execution of the judgment in concert with state actors under color of state law, has violated Plaintiff's 1st, and 14th Constitutional rights and Federal Laws.

12.  As an officer of the court, Defendant Pinheiro has violated her oath and Plaintiff's rights that ensure fairness and justice in the Court System, by bringing the lawsuit for defamation in retaliation for Plaintiff's complaint to USA Softball. These actions are in willful violation to harm Plaintiff Michelle J. Smith with retaliatory State Court proceedings intended to deprive Plaintiff of liberties and freedoms as afforded by the 1st and 14th amendments of the U.S. Constitution and Federal Laws provided by The Safe Sport Authorization Act and The Empowering Olympic Athletes Act of 2020. Defendant Pinheiro harmed Plaintiff by obliterating

Plaintiff's and the Public's vital perception of and trust in The Judicial System that portrays to guarantee fairness to all United States citizens.

13. Martin French as an employee of the state run and federally funded Massasoit Community College was a state actor who acted in concert with Massasoit to ignore obligations under Title IX, and voluntarily resigned from his position yet held Plaintiff Michelle J. Smith responsible under the color of law for his actions, which violated her 1st and 14th constitutional rights and Federal Laws under Title IX of the Education Reform Acts of 1974.

14. **Defendant 9, Massasoit Community College (Brockton Campus),** Defendant 9 as a Federally Funded School is required to follow all procedures pursuant to Title IX of the Education Reform Acts of 1974 and as such their neglect of investigating Plaintiff Michelle Smith's complaint in regard to their employee Martin French's misconduct, violated Plaintiff's constitutional rights and Federal Laws, because Massasoit's non action led to the State Court Proceedings requiring Plaintiff Smith to pay Martin French Compensatory damages. Massasoit's participation in the wrongful deprivation of Plaintiff's property warrants this claim under Title 42 section 1983.

**15.   Defendant 10, Attorney Karen Bigley,**

As an officer of the court, Defendant Bigley has violated her
oath and Plaintiff's rights that ensure fairness and justice
in the Court System, by testifying (allegedly falsely), on a
material issue of fact (the USA Softball proceedings), when
she was an attorney at the same law firm as Attorney Pinheiro
(Exhibit 3) and was an active legal representative for Martin
French/ Nicholas French throughout the underlying proceedings.
The truthfulness of Defendant Bigley's testimony was
questioned in the underlying proceedings; however, it
seemingly fell on the trial court judges' deaf ears.
Subsequently, new evidence has emerged that proves that
Attorney Bigley is an admitted liar to the tribunal which
impugns her integrity in previous cases(Exhibit 2). Attorney
Bigley's active participation in the underlying lawsuit for
defamation is in retaliation for Plaintiff's complaint to USA
Softball. These actions are in willful violation to harm
Plaintiff Michelle J. Smith with retaliatory State Court
proceedings intended to deprive Plaintiff of liberties and
freedoms as afforded by the 1st and 14th amendments of the U.S.
Constitution and Federal Laws provided by The Safe Sport
Authorization Act and The Empowering Olympic Athletes Act of
2020. Defendant Bigley harmed Plaintiff Michelle J. Smith by

obliterating Plaintiff's and the Public's vital perception of and trust in The Judicial System that portrays to guarantee fairness to all United States citizens.

**Fourth Claim** – Federal Rule of Civil Procedure Title II Rule 5.1: Constitutional Challenge of State Statute.

**16.** Constitutional Challenge: The MA Statute of Defamation, M.G.L.c 231sec.92 specifically the standard of proof mandated in this case is unconstitutional pursuant to the substantive and procedural due process clause rights afforded by the 14th Amendment of the U.S. Constitution, and is in violation of the Federal Laws created by two Acts of Congress called "The Safe Sport Authorization Act" and "The Empowering Olympic Athletes Act".

**17.** The papers that raise these issues are: Defendant Michelle J. Smith's MA 60 b motion, Appellant Briefs, Direct Appellate Review Petition, Further Appellate Review Petition, and Writ of Certiorari Petition, where the issues of injustice and unconstitutionality raised were unlawfully ignored.

**18.** The State of Massachusetts' Statute of Defamation regarding a question of law in determining the standard of proof in this case to be negligence, is unconstitutional as it is inconsistent with common case law, which provides that in cases for

defamation that concern issues of public interest, the standard of proof required is "actual malice".

19. Additionally, the judges' application of negligence as the standard of proof in this case is in direct conflict with The Safe Sport Authorization Act; enacted on February 14, 2018, that requires "actual malice" to be the standard of proof in a claim for defamation that arises from a complaint to a National Governing Body of Sport such as USA Softball.

20. The subject matter of this case is a complaint letter sent to the MA chapter of USA Softball by ten parents of minor children ages 8-17, concerning the misconduct of a coach/role model.

21. The Empowering Olympic Athletes Act of 2020 prohibits retaliation on a complaint submitted to a National Governing Body of Sport such as USA Softball.

22. This case for Defamation is in retaliation for the parental complaint to USA Softball; therefore, violating the parents' fundamental rights of free speech (1st Amendment); and their right to raise their children as they see fit (advocating for their children), under the Due Process Clause and the Equal Protection of the Law Clause as guaranteed by the 14th Amendment of the United States Constitution.

23. Further, the parents' 1st Amendment right of free speech has been censored causing the public to be less informed in this

matter of immense public concern (the safety and protection of our nation's children).

**24.** This has not only caused great harm to the parents but harms our democracy because the uninhibited debate of public issues has been extinguished by this case and in effect has weakened our democracy.

**25.** For the foregoing reasons, Michelle J. Smith is respectfully asking this Court to issue an injunction to stop the execution of the unconstitutionally gotten judgment in Norfolk County Superior Court Case # 1482CV00639, and to declare the Massachusetts Statute of Defamation regarding their mandated, overly broad, standard of proof of mere negligence, to be unconstitutional in light of the statutory provisions granted by The Safe Sport Authorization Act, The Empowering Olympic Athletes Act of 2020, and the 1st and 14th Amendments of The United States Constitution.

**26.** sent to The MA Attorney General via certified mail.

**Fifth Claim** – MA Rule of Civil Procedure 4(d)(6)– Notice to MA Attorney General questioning the validity of orders in case No: 1482CV00639, Appeals Court case No(s) 2019 P 133 and 2019 P 1572, and MA Supreme Judicial Court; motions for Direct Appellate Review and Further Appellate Review; This Court has

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        February 4, 2020 - Submitted April 15, 2022

Signature of Plaintiff        *Michelle J. Smith*

Printed Name of Plaintiff      Michelle D. Smith

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

25

Print        Save As...        Add Attachment        Reset

supplemental jurisdiction over this claim, which is based on state law under 28 U.S.C 1367.

**27.** Pursuant to MA Rule of Civil P. 4(d)(6), all orders in the above-mentioned case should be null and void due to the States' deprivation of defendant Michelle J. Smith's and all defendants constitutional rights as a result of the judges' knowing and willful actions of ignoring; Common Case Law, that requires cases for defamation that concern issues of public interest to apply the standard of proof of "actual malice", and Federal Statutory Laws created by two Acts of Congress called The Safe Sport Authorization Act and the Empowering Olympic and Amateur Athletes Act, while violating the 1st and 14th Amendments (the due process and equal protection under the law clauses) of the U.S. Constitution.

**28.** The judges' failure to recognize and uphold Common Case Law, Federal Statutory Laws, and the U.S. Constitution by ignoring the guidelines of their posts makes these judges' actions no longer a Judicial act but an individual act as these acts represent their own prejudices and goals.

**29.** Case Law states that when a judge acts as a trespasser of the law, or does not follow the law, he loses subject matter jurisdiction and the judges' orders are void and have no legal force or affect.

**30.** By requiring the wrong standard of proof in the above numbered case, the judges' caused significant harm to Defendants in the form of an ill-gotten judgment to issue which has deprived defendants of their fundamental liberties and violated Federal Laws and The United States Constitution.

**31.** Notice sent to the MA Attorney General via certified mail.

**IV.  Irreparable Injury:** Unless granted relief by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, suffering and destruction of Plaintiff's life both physically and mentally. Money damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

This is a miscarriage of justice, since essentially the message that this judgment sends out is that parents are not allowed to advocate for their children. Instead, parents will be punished for trying to protect their children and future children from being subjected to illicit behavior of supposed role models.

At issue in this case is nothing less than the right of parents to advocate on behalf of their minor children without threat of defamation liability unless "actual malice" is the standard of proof required uniformly.

It is manifestly important for this Court to review the subject matter of this case to determine jurisdiction and compliance with relevant provisions of Federal Statutory Law, The First and Fourteenth Amendments to The United States Constitution, and to uphold the intent of Congress regarding the laws produced by the enactments of "The Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act", and "The Empowering Olympic, Paralympic, and Amateur Athletes Act of 2020". The unanimous, bi-partisan, enactment of these acts, signed into law on February 14, 2018, and October 30, 2020 respectively, reflects a shared national feeling that child athlete safety; and protection for those who courageously report abuse; is an undeniable priority. This Honorable Court needs to restore the Public trust and faith; in not only our Judicial System but our Democracy, by granting relief.

**AA.**   **Relief**: WHEREFORE, plaintiff prays that this Court:

(a) Enter judgment against the defendants;

(b) Enter a declaratory judgment declaring the acts of the defendants to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a declaratory judgment declaring that The State Court Judgment is unconstitutional and unjust on its face;

(d) Issue a declaratory judgment declaring that the Standard of Proof used in the underlying defamation case is unconstitutional as enforced and as applied;

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, to stop all actions in regard to the underlying State Court proceedings and judgment;

(f) Award plaintiff damages for her pain and suffering, and for her emotional and mental anguish;

(g) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes in the event that Plaintiff can retain a lawyer; and,

(h) Order such other and further relief as the Court deems just and proper under the circumstances.


Plaintiff hereby requests a jury trial in this matter.

Dated April 15, 2022                    Respectfully Submitted,

Michelle Smith
P.O. Box 42
Kingston, MA 02364
781-422-1045
mjsmith0304@hotmail.com
Pro se