**United States District Court**
**District of Massachusetts**

```
_____
                           )
Michelle J. Smith,         )
                           )
          Plaintiff,       )
                           )
          v.               )    Civil Action No.
                           )    22-10576-NMG
Peter Krupp, Thomas Conners, )
Peter Rubin, Joseph Ditkoff, )
Eric Neyman, Kimberly Budd, Ann )
Pinheiro, Nicholas French,  )
Massasoit Community College and )
Karen Bigley,              )
                           )
          Defendants.      )
_____)
```

**MEMORANDUM & ORDER**

Pro se plaintiff Michelle J. Smith ("Smith" or "plaintiff") filed this action in April, 2022, against six state judicial officers, two attorneys, Massasoit Community College ("Massasoit") and an individual, Nicholas French (representing the estate of Martin French) (collectively "defendants"). This action arises out of Smith's disappointment in the results of a state civil tort lawsuit brought by the now-deceased plaintiff in that action, Martin French ("French"). Pending before the Court are six motions to dismiss by defendants, two motions to amend by plaintiff and one motion to require the United States Marshals Service to serve process on defendants.

- 1 -

## I.   <u>Background</u>

### A.   Factual History

Martin French was the director of the Bay State Blaze girls youth softball organization, where he was also the U16 head coach.  He was also employed as a softball coach for Massasoit Community College and the assistant softball coach at Weymouth High School.  In August, 2010, Smith and nine parents from Bay State Blaze wrote and signed a public letter to the Amateur Softball Association ("ASA") accusing French of various forms of sexual, emotional and bullying misconduct.  According to Smith's complaint, ASA/USA Softball held a hearing at which the coach was represented by Attorney Karen Bigley and the parents testified.  USA Softball suspended French for five years.

Three years later, French (represented by Attorney Ann Pinheiro) brought a civil action against Smith and nine parents in Massachusetts Superior Court.  In response, the parents filed a special motion to dismiss under the Massachusetts anti-SLAPP statute.  Judge Connors held a Rule 12 hearing and denied the special motion to dismiss.

After a jury trial presided over by Judge Krupp, in June, 2018, a judgment for $69,250 was entered against Smith and her co-defendants for defamation, intentional infliction of emotional distress and interference with contractual or

prospective advantageous relations.  Smith appealed and a
Massachusetts Appeals Court panel of Justices Rubin, Neyman and
Ditkoff heard oral argument in November, 2020 and affirmed the
judgment in February, 2021.  The Massachusetts Supreme Judicial
Court denied review in May, 2021, and certiorari to the United
States Supreme Court was denied in November, 2021.

### B.    Procedural History

In the case at bar, plaintiff makes claims for: (1)
enjoinment of the underlying state court proceedings under Fed.
R. Civ. P. 60, (2) violation of 42 U.S.C. § 1983 by the state
court judges, (3) violation of 42 U.S.C. § 1983 by Attorney Ann
Pinheiro, French, Massasoit Community College and Attorney Karen
Bigley and (4) a ruling that the Massachusetts statute on
defamation is unconstitutional.

## II.   Motion for United States Marshals Service to Serve Process

Plaintiff filed a motion to require the United States
Marshals Service to serve process on the defendant state court
judges.  The motion will be denied because there is no statutory
basis for the United States Marshals Service to serve process in
this action.  See 28 U.S.C. § 1915.  That entity is not charged
with obtaining addresses of defendants.  Moreover, because
defendants have since been served, the motion is moot.

### III.   **Motions to Dismiss**

###   A.   **Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556).  Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.  The assessment is holistic:

the complaint should be read as a whole, not parsed
piece by piece to determine whether each allegation,
in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013)

(quoting Ocasio-Hernandez, 640 F.3d at 14).

**B.   Parties' Arguments**

All defendants have filed motions to dismiss supported by
memoranda of law.  Plaintiff has filed an opposition to only one
motion to dismiss, that of the estate of the late softball
coach, Martin French.

**1.   Attorney Ann Pinheiro**

Attorney Pinheiro moves to dismiss on the grounds that (1)
the claims against her are barred by absolute litigation
privilege in that those claims arise solely out of her conduct
as an attorney in the underlying litigation, (2) the claims do
not allege an actionable violation of 42 U.S.C. § 1983 because
she was a private attorney, not acting under color of state law,
and (3) the Rooker-Feldman doctrine precludes plaintiff's claims
because federal trial courts do not have jurisdiction to review
a final judgment entered by a state court.

**2.   Massasoit Community College**

Massasoit Community College moves to dismiss on the grounds
that (1) the claims against it are barred by sovereign immunity,

(2) the college is not a "person" under 42 U.S.C. § 1983, and

(3) plaintiff's complaint is barred by the statute of

limitations.

> **3.    Justice Thomas Connors of the Norfolk Superior Court, Justices Peter Rubin, Joseph Ditkoff, Eric Neyman of the Massachusetts Appeals Court, and Chief Justice Kimberly Budd of the Massachusetts Supreme Judicial Court (collectively "the judges")**

The judges move to dismiss on the grounds that (1) the

claims against them are barred by absolute judicial immunity,

(2) those claims are barred by the Rooker-Feldman doctrine, and

(3) the 42 U.S.C. § 1983 claims are barred (a) by sovereign

immunity because state officials are not "persons" subject to

suit for damages, and (b) because plaintiff has failed to state

claims against any of the judges in their individual capacities.

### 4.    Attorney Karen Bigley

Attorney Bigley moves to dismiss on the grounds that the

claims against her (1) are barred by the statute of limitations,

(2) are barred by the absolute litigation privilege, (3) do not

allege an actionable violation of 42 U.S.C. § 1983 because

defendant was a private attorney not acting under color of state

law, and (4) are barred by the Rooker-Feldman doctrine.

**5.   Justice Peter Krupp of the Norfolk Superior Court**

Justice Peter Krupp moves to dismiss on the grounds that this Court lacks jurisdiction under the Rooker-Feldman doctrine and the claims are barred by absolute judicial immunity.

**6.   Nicholas French**

Nicholas French, as personal representative of the estate of Martin French, moves to dismiss on the grounds that the claims against him (1) are barred by the absolute litigation privilege, (2) do not allege an actionable violation of 42 U.S.C. § 1983 because he was a private citizen, and (3) are barred by the Rooker-Feldman doctrine.

Plaintiff opposes French's motion to dismiss.  She contends that she has pled facts sufficient and plausible on their face. In response to French's contention of absolute litigation privilege, Smith submits that he should have been barred from filing a state court complaint because his decedent failed to exhaust his administrative remedies with USA Softball for his suspension, a non-sequitur in light of the fact that the state court proceeding was against Smith and the other parents for defamation and was entirely unrelated to his suspension.

In response to French's § 1983 defense, Smith suggests that he was, in fact, acting under color of state law because he

"conspired with state actors to fraudulently" influence the state court proceedings.

Finally, in response to the Rooker-Feldman doctrine defense, Smith rejoins that she is not attempting to use the federal courts to overturn a final state court judgment because she already satisfied that judgment. Rather, she contends that she has filed suit in federal court

> to receive justice for being unlawfully and
> unconstitutionally subjected to the state court
> proceedings that lacked all jurisdiction.

## C.   Application

The six motions to dismiss will be allowed, because defendants are correct that the Court ought not exercise jurisdiction over this action at all.

Five of the six defendants move to dismiss based on the Rooker-Feldman doctrine.  Federal courts are without jurisdiction to review and reject state court judgments.  "Under the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (internal quotation marks omitted).  The Rooker-Feldman doctrine derives from two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462

(1983).  The doctrine applies where, as here, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id.  All three of those elements are met here.  Smith lost in state court, she complains of injuries as a result of that judgment and seeks for this Court to review and reject that judgment. See French v. Smith, 163 N.E.3d 1031 (Mass. App. Ct. 2021), review denied, 168 N.E.3d 796 (Mass. 2021), and cert. denied, 142 S. Ct. 432 (2021).

Smith's constitutional claims relating to the Massachusetts Defamation Statute, Mass. Gen. L. ch. 231, § 92, do not affect this analysis.  Although the Rooker-Feldman doctrine does not preclude a party from challenging the constitutionality of a state law as an independent claim, "that exception does not apply if the relief sought in federal court is directed towards undoing the prior state judgment." Tyler, 914 F.3d at 51 (internal quotation marks omitted).  Because

> the relief [Smith] seeks is entirely predicated on her
> insistence that the [state court] erred in the . . .
> adjudication of her case . . . [h]er attempt to
> reframe the case as an independent challenge to the
> Massachusetts law is . . . felled by [her] own
> complaint.

Id. at 51-52.

Moreover, although Massasoit Community College did not raise the Rooker-Feldman doctrine in its motion to dismiss, the Court will dismiss Smith's claims against it as well.  This Court has an independent obligation sua sponte to inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court will allow the motions to dismiss of all defendants, thus dismissing the case in its entirety.

## IV.   **Motions to Amend**

### A.   **Legal Standard**

A party may amend his pleading by leave of the court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); Holbrook v. Boston Scientific Corp., 487 F. Supp. 3d 100, 104 (D. Mass. 2020).  Rule 15(a) gives courts wide discretion in deciding whether to allow or deny leave to amend. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  A court acts within that discretion if it denies leave for reasons of, inter alia, undue delay in filing the motion, repeated failure to cure deficiencies, undue prejudice to the opposing party or futility of amendment. Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962).

A proposed amendment is futile if it "does not plead enough [facts] to make out a plausible claim for relief." HSBC Realty Credit Corp. v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014). Futility thus applies "the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). The legal standard to survive such a motion is discussed above.

### B.  Parties' Arguments

#### 1.  New Massasoit Community College Defendants

Plaintiff has filed two motions to add new defendants. She seeks to add three Massasoit defendants: Charles Wall, president, Julie Mulvey, Athletic Director, and Peter Akeke, vice president, all of whom held those positions in 2010. She alleges that they failed to investigate her complaint regarding French's behavior which resulted in her being named in the defamation lawsuit.

Massasoit Community College opposes this motion, arguing that (1) the claims against the college should be dismissed, (2) the claims against those individuals in their official capacities are barred by sovereign immunity under the Eleventh Amendment, and (3) the claims against them in their individual capacities are barred by the statute of limitations. Plaintiff

also purportedly fails to state specific claims with respect to individuals she wants to join.

### 2.   Additional Massachusetts Superior Court Judges as Defendants

Smith has also filed a motion to add as defendants Associate Justices Beverly Cannone and Elizabeth Fahey of the Massachusetts Superior Court.  She avers they were involved in the state court proceedings.

Justices Connors, Rubin, Ditkoff, Neyman and Chief Justice Budd oppose this motion.  They argue that the claims plaintiff seeks to bring against the two judges are dismissible pursuant to (1) the Rooker-Feldman doctrine, (2) sovereign immunity, and (3) failure to state a § 1983 claim.  The claims also fail because they do not state a claim against the judges in their individual capacities, beyond that they "participated" in the state court proceedings.  Thus, the judges contend that it would be futile for the Court to allow Smith to amend her complaint to allow claims that would ultimately be dismissed.

### C.   Application

Smith's claims against those additional defendants fail to state a facially plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

In support of her motion to add three former Massasoit employees, Charles Wall, Julie Mulvey, and Peter Akeke, as defendants, Smith merely alleges that they were "involved in the mishandling of [her original] complaint" sent to the school in 2010.  Not only does Smith fail to allege any specific wrongdoing on the part of those individuals but her allegations do not contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Iqbal, 556 U.S. at 667 (quoting Twombly, 550 U.S. at 570).

Similarly, Smith does not allege any specific wrongdoing on the part of Justices Cannone and Fahey other than that they "participated in the MA State Court Proceedings at issue in this case."  Such an allegation fails to meet the pleading standard for a plausible claim for relief. HSBC Reality Credit Corp., 745 F.3d at 578.  Moreover, any potential claims that Smith may allege in the future against those judges would be barred by the Rooker-Feldman doctrine, as discussed above.

As both Massasoit Community College and the judges contend,

> for a court to grant a motion to amend, only to turn around and dismiss the claims upon the filing of a properly interposed motion to dismiss, would be a waste of time for both the court and counsel.

Bhakta v. Baybank, No. 93-10312, 1994 WL 236590 at *5 (D. Mass. Jan. 7, 1994) (quoting Debrecini v. Bru-Jell Leasing Corp., 710

F. Supp. 15, 19 (D. Mass. 1989)).  Thus, the Court will deny

plaintiff's motions to amend her complaint to add additional

defendants.

**ORDER**

For the forgoing reasons,

1)   the motion of Michelle J. Smith to require the United
     States Marshals Service to make service on defendants
     (Docket No. 10) is **DENIED;**

2)   the motion of Attorney Ann Pinheiro to dismiss (Docket
     No. 31) is **ALLOWED;**

3)   the motion of Massasoit Community College to dismiss
     (Docket No. 35) is **ALLOWED;**

4)   the motion of Justices Thomas Connors, Peter Rubin,
     Joseph Ditkoff, Eric Neyman, and Chief Justice
     Kimberly Budd (Docket No. 46) is **ALLOWED;**

5)   the motion of Attorney Karen Bigley to dismiss (Docket
     No. 50) is **ALLOWED;**

6)   the motion of Justice Peter Krupp to dismiss (Docket
     No. 53) is **ALLOWED;**

7)   the motion of defendant Nicholas French to dismiss
     (Docket No. 64) is **ALLOWED;** and

8)   the motions of plaintiff Michelle J. Smith to amend
     (Docket Nos. 67 and 71) are **DENIED.**

**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge

Dated:  December 8, 2022

- 14 -